UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-1274 |
| | ) | |
| LINCOLN CORRECTIONAL | ) | |
| CENTER MEDICAL DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Big Muddy Correctional Center, seeks leave to proceed in forma pauperis on claims arising from the death of Plaintiff's mother during her incarceration in Lincoln Correctional Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  <u>Turley v. Rednour</u>, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff alleges that his mother died from an aneurism in April 2012 while she was incarcerated in Lincoln Correctional Center. Plaintiff believes that his mother had repeatedly sought help for her headaches but was denied medical treatment by the medical staff at Lincoln Correctional Center. Plaintiff asserts that his mother's death could have been prevented with proper medical attention.

Liberally construing Plaintiff's allegations, the Court discerns the following claims: 1) 42 U.S.C. § 1983 claim based on the Eighth Amendment for deliberate indifference to the serious medical needs of Plaintiff's mother; and, 2) supplemental state law claims under the Illinois Wrongful Death Act, 740 ILCS 180.01, et seq. and the Illinois Survival Act, 755 ILCS 5/27-6.

However, Plaintiff does not allege that he has been appointed the personal representative of his mother's estate, which is necessary for Plaintiff to pursue these claims. 740 ILCS 180/2; 735 ILCS 5/13-209 (a). Additionally, only individuals can be sued under 42 U.S.C. § 1983. Plaintiff names only the "medical

department" as a defendant.  Lastly, Plaintiff may be required to bring his state law supplemental claims in the Illinois Court of Claims.  See <u>Ingram v. IDOC</u>, 2011 WL 1519623 (S.D. Ill. 2011)(attached).  The Court also notes that Lincoln Correctional Center now houses male inmates, not female inmates.  Therefore, the individuals allegedly responsible for the death of Plaintiff's mother may no longer work at Lincoln Correctional Center.

These issues will be addressed after service is effectuated.  For now, the Court adds as Defendants the Wardens of Logan Correctional Center and Lincoln Correctional Center for the purpose of identifying the proper defendants.

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims:  1) 42 U.S.C. § 1983 claim based on the Eighth Amendment for deliberate indifference to the serious medical needs of Plaintiff's mother; and, 2) supplemental state law claims under the Illinois Wrongful Death Act, 740 ILCS 180.01, et seq. and the Illinois Survival Act, 755 ILCS 5/27-6.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not

be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's motion for the appointment of counsel is denied (d/e 3), with leave to renew after Plaintiff demonstrates that he has tried to obtain counsel on his own. Plaintiff asserts that he has written several attorneys, but Plaintiff does not identify those attorneys or attach responses by those attorneys. The Court suggests that Plaintiff contact the John Howard Association, attaching a copy of this order: John Howard Association, 300 West Adams Street, Suite 423, Illinois 60606.

3) The Court adds as Defendants: 1) Kess Roberson, Warden of Lincoln Correctional Center; and 2) Sheryl Thompson, Warden of Logan Correctional Center.

**4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 7, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1)  Add Kess Roberson and Sheryl Thompson as Defendants; and, 2) attempt service on Roberson and Thompson pursuant to the standard procedures.**

ENTERED:  August 5, 2013

FOR THE COURT:

                                  s/Sue E. Myerscough    
                              SUE E. MYERSCOUGH  
                       UNITED STATES DISTRICT JUDGE