UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY HIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-1274 |
| KESS ROBERSON, et al., | ) |
| Defendants. | ) |

## OPINION

COLIN STIRLING BRUCE, U.S. District Judge:

Plaintiff, proceeding pro se, filed this lawsuit while incarcerated, pursuing claims arising from his mother's death in Lincoln Correctional Center in April 2010.  Liberally construed, he alleges that his mother's death might have been prevented with timely and proper medical attention.  On merit review, claims were construed under 42 U.S.C. Section 1983, the Illinois Wrongful Death Act, and the Illinois Survival Act.  However, Plaintiff was warned that he would be unable to pursue these actions in his individual capacity:

> Plaintiff should know that a wrongful death action under Illinois law must be brought by the decedent's appointed representative. Williams v. Manchester, 228 Ill.2d 404 (2008); 740 ILCS 180/2. Similarly, only an appointed

representative of a decedent's estate or an appointed special representative may pursue an Illinois survival action on behalf of the decedent. 735 ILCS 5/2-1008. Likewise, a survival action under 42 U.S.C. Section 1983 can be brought only by the decedent's appointed representative. This Court cannot appoint a pro se plaintiff as a representative for a decedent. *See* Ratcliffe v. Apantaku, 318 Ill.App.3d 621 (1st Dist. 2000). Further, Plaintiff has no cause of action under 42 U.S.C. § 1983 to recover for his own loss of companionship and society arising from his mother's death. Russ v. Watts, 414 F.3d 783 (7th Cir. 2005).

(11/23/13 Text Order, Judge Myerscough.)

In February 2014, Plaintiff filed an amended complaint, but the amended complaint does not cure any of these problems. Plaintiff still has not been appointed the representative or administrator of his mother's estate. He does allege that he is the sole beneficiary of his mother's will, but he has not filed the will nor indicated that an estate has been opened to probate the alleged will.[1]

In short, Plaintiff is not the "real party in interest" on the federal claim; his mother's estate is. Fed. R. Civ. P. 17(1)("An action must be prosecuted in the name of the real party in

---

[1] In a 11/4/13 status hearing before Judge Myerscough, Plaintiff stated that his mother has surviving minor children who were in the custody of the Department of Children and Family Services. Plaintiff cannot represent the interests of the minor children without appointment as their legal representative. Plaintiff's interest is actually now adverse to that of the minor children, since Plaintiff now maintains that he is the sole beneficiary under a will.

interest."); *Ray v. Maher*, 662 F.3d 770, 773 (7th Cir. 2011)("Section 1983 claims are personal to the injured party" not the beneficiaries of the decedent's estate). The federal rules do not include the authority to appoint Plaintiff as representative of his mother's estate. *In re Yasmin and Yaz Marketing*, 2010 WL 4608609 (S.D. Ill. 2010)("[T]he definition of real party in interest indicates that appointment of a personal representative for decedent is the province of the state court."); *Coleman v. McLaren*, 590 F.Supp. 38 (N.D. Ill. 1984)(federal court lacks jurisdiction to appoint special administrator of deceased defendant's estate; *Thompson v. Dearborn County Com'rs*, 2013 WL 121256 (S.D. Ind. 2013)("Only the decedent's estate may bring a section 1983 claim based on wrongful death, and the estate representative must have standing under the state wrongful death statute to pursue a section 1983 claim.")(*citing Thomas ex rel. Smith v. Cook Co. Sheriff*, 401 F.Supp.2d 871-72 (N.D. Ill. 2005)). Further, Plaintiff has no federal claims he can pursue on his own behalf. The alleged constitutional deprivations were suffered by Plaintiff's mother, not Plaintiff. *See Russ v. Watts*,

414 F.3d 783 (7th Cir. 2005)(parents could not bring section 1983 action for their loss of society and companionship based on police officer's shooting of their adult son).

In sum, Plaintiff, in his individual capacity, cannot pursue claims on behalf of his mother's estate and he has no federal claims of his own to pursue. This case will therefore be dismissed without prejudice to refiling by the legal representative of the estate of the deceased mother of Plaintiff.

IT IS ORDERED:

1) The unopposed motions for leave to file a motion to dismiss and memorandum in support are granted (35, 36).

2) The motions to dismiss are granted (16, 35). This case is dismissed, without prejudice to refiling by the legal representative of the estate of Plaintiff's deceased mother.

3) All pending motions are denied as moot (31, 32), and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

4) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c).

5) The court reporter is directed to prepare a transcript of the 11/4/13 hearing and to file the transcript on the docket. Costs of preparing the transcript shall be borne by the United States.

ENTERED:

FOR THE COURT:

                              **s/Colin Stirling Bruce**
                              COLIN STIRLING BRUCE
                     UNITED STATES DISTRICT JUDGE